## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| YASSINE BAOUCH, *on behalf of himself and all those similarly situated,*<br>3124 Tower Oaks Drive<br>Orange Park, FL 32065<br><br>    and<br><br>SCOTT LARROW, *on behalf of himself and all those similarly situated,*<br>PO Box 111<br>North Troy, VT 05859<br><br>             Plaintiff,<br><br>    v.<br><br>WERNER ENTERPRISES, INC.<br>d/b/a WERNER TRUCKING<br>14507 Frontier Rd<br>PO Box 45308<br>Omaha NE 68145<br><br>    and<br><br>DRIVERS MANAGEMENT, LLC<br>14507 Frontier Rd<br>PO Box 45308<br>Omaha NE 68145<br><br>             Defendants. | CIVIL ACTION NO: 12-408<br><br>INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT WITH JURY DEMAND |

## **FIRST AMENDED INDIVIDUAL, COLLECTIVE, AND CLASS ACTION COMPLAINT**

Plaintiffs Yassine Baouch and Scott Larrow ("Named Plaintiffs"), individually and on behalf of themselves and those similarly situated ("Class Plaintiffs"), by and through undersigned counsel, hereby complain as follows against Defendant Werner Enterprises, Inc. d/b/a Werner Trucking, and Defendant Drivers Management, LLC (collectively, "Defendants").

## INTRODUCTION

1.      Named Plaintiffs initiate the instant action to redress violations by Defendants of the Fair Labor Standards Act ("FLSA"), the Nebraska Wage and Hour Act, the Nebraska Wage Payment and Collection Law, the common-law, and the contractual rights of Named Plaintiffs and Class Plaintiffs.  Defendants intentionally failed to compensate Named Plaintiffs and Class Plaintiffs for wages earned while in the employ of Defendants.  As a result of Defendants' unlawful actions, Named Plaintiffs and Class Plaintiffs have been harmed.

## JURISDICTION AND VENUE

2.      This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Named Plaintiffs' and Class Plaintiffs' federal claims because this civil action arises under a law of the United States and seeks redress for violations of a federal law, 29 U.S.C. § 201 *et seq.*

3.      This Court, in accordance with the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332, *et al.*, has jurisdiction over Named Plaintiffs' and Class Plaintiffs' claims brought under Nebraska state law because (1) at least one member of the putative class is not a citizen of Nebraska; (2) Defendants are citizens of Nebraska; and (3) the total amount in controversy exceeds $5,000,000.

4.      This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice.

5.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this judicial district because all of the acts and/or omissions giving rise to the claims set forth herein

occurred in this judicial district and Defendants are deemed to reside where it is subject to personal jurisdiction, rendering Defendants residents of the this judicial district.

## PARTIES

6.     The foregoing paragraphs are incorporated herein as if set forth in full.

7.     Named Plaintiffs are adult individual with addresses as set forth in the caption.

8.     Defendant Werner Enterprises, Inc. d/b/a Werner Trucking (hereinafter "Defendant Werner") is a Nebraska Corporation engaged in the hauling and delivery of freight across the United States.

9.     Defendant Drivers Management, LLC (hereinafter "Defendant Drivers Management") is, upon information and belief, a subsidiary corporation of Defendant Werner which is responsible for processing payroll for Defendants' employees.

10.     Upon information and belief, because of their interrelation of operations, common management, centralized control of labor relations, common ownership, common financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership, and management that they may be treated as a single employer for purposes of the instant action.

11.     At all times relevant herein, Defendants acted by and through their agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## COLLECTIVE ACTION ALLEGATIONS

12.     The foregoing paragraphs are incorporated herein as if set forth in their entirety.

13.     Named Plaintiffs bring this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of Class Plaintiffs.

14.     Specifically, Named Plaintiffs seek to represent a nationwide class of all persons who worked or work for Defendants who were enrolled in Defendants' Per Diem Program, and who were/are subject to Defendants' unlawful pay practices and policies at any point from three years prior to the initial filing of the instant matter to the present (members of this putative class are referred to as "Class Plaintiffs").

15.     Named Plaintiffs' claims are typical of the claims of Class Plaintiffs, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants whom Defendants failed to pay minimum wage as required by the FLSA in the last three years.

16.     Named Plaintiffs will fairly and adequately protect the interests of Class Plaintiffs, because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class.   Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

17.     No difficulties are likely to be encountered in the management of this collective action that would preclude its maintenance as a collective action.   The class will be easily identifiable from Defendants' records.

18.     Similarly situated employees are known to Defendants, are readily identifiable by Defendants, and can be located through Defendants' records. Named Plaintiffs do not know the exact size of the potential class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the tens of thousands.

19.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.   Among the questions of law and fact that are common to the class are whether Defendants failed to pay the

putative class minimum wage for all hours worked because of their company-wide policy to reduce wages by an amount equal to non-taxable reimbursements (per-diem payments), which Plaintiffs incurred for Defendants' benefit.

20.    Therefore, Named Plaintiffs should be permitted to bring this action as a collective action for and on behalf of themselves and those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

21.    The foregoing paragraphs are incorporated herein as if set forth in their entirety.

22.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure and the Class Action Fairness Act of 2005, Named Plaintiffs bring their claim for relief on behalf of themselves and those similarly situated.

23.    Specifically, Named Plaintiffs seek to represent a class of all persons who worked or work for Defendants in the past five years and who were enrolled in Defendants' Per Diem Program.

24.    The class is so numerous that the joinder of all class members is impracticable. Named Plaintiffs do not know the exact size of the class, as such information is in the exclusive control of Defendants; however, on information and belief, the number of potential class members is estimated to be in the tens of thousands.

25.    Named Plaintiffs' claims are typical of the claims of the putative class members, because Named Plaintiffs, like all Class Plaintiffs, were employees of Defendants in Nebraska who were denied minimum wage by virtue of having their wages reduced by an amount equal to their per-diem reimbursements.

26.     Named Plaintiffs will fairly and adequately protect the interests of the putative class because Named Plaintiffs' interests are coincident with, and not antagonistic to, those of the class.  Named Plaintiffs have retained counsel with substantial experience in the prosecution of claims involving employee wage disputes.

27.     No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action.  The class will be easily identifiable from Defendants' records.

28.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously.  Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendants.  Furthermore, the amount at stake for individual putative class members may not be great enough to enable all of the individual putative class members to maintain separate actions against Defendants.

29.     Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class.  Among the questions of law and fact that are common to the class are whether Defendants failed to pay the putative class minimum wage for all hours worked because of their company-wide policy to reduce wages by an amount equal to non-taxable reimbursements (per-diem payments), which Class Plaintiffs incurred for Defendants' benefit.

**FACTUAL BACKGROUND**

30.     The foregoing paragraphs are incorporated herein as if set forth in full.

31.     Upon information and belief, Defendants have maintained the unlawful pay system described herein for at least the last five years.

32.     All drivers employed by Defendants are deemed employees of Nebraska because all drivers (1) had their employment application processed in Nebraska; (2) reported to a manager located in Nebraska; (3) reported their hours worked via Defendants' Qualcomm to Defendants' headquarters in Nebraska; (4) had their pay calculated by Defendants' headquarters in Nebraska; (5) received their pay directly from Nebraska; and (6) agreed (via contract prepared by Defendants) that their employee/employer relationship was based in Nebraska. Moreover, all decisions regarding the drivers' employment, including hiring, driving assignments, and termination, were made in Nebraska.

33.     Named Plaintiffs and Class Plaintiffs were subjected to an unlawful compensation system to which Defendants subjected all of their drivers who were enrolled in Defendants' Per Diem Program.

34.     Named Plaintiffs and Class Plaintiffs were all enrolled in Defendants' Per Diem Program and were all subjected to the policies discussed herein within the last five years.

## THE PER DIEM PROGRAM

35.     The foregoing paragraphs are incorporated herein as if set forth in full.

36.     Defendants operate a "Per Diem" Program which operates to provide reimbursements to Defendants' employees by compensating them for the reasonable approximate amounts incurred because the employee traveled over the road for Defendants' business.

7

37.     When Defendants compensate Class Plaintiffs, the amount Defendants provide for reimbursement under the Per Diem Program are designated by Defendants as "Reimbursements" and not wages.

38.     Defendants' utilize a centralized, automated, computerized payroll system to compute and process payroll for all Class Plaintiffs (Defendants' "Driver Log System").

39.     Defendants' Driver Log System is located in Omaha, Nebraska at Defendants' headquarters.

40.     Defendants typically pay their drivers by the mile or by the day, depending on the employee.  Student Drivers are paid by the day, and team and solo drivers are paid by the mile.

41.     Defendants' Driver Log System uses a computer algorithm to determine if the employee's pay is at least equal to the federal and state minimum wage.

42.     Upon information and belief, the algorithm used by Defendants' Driver Log System determines whether a driver has been paid under minimum wage by using an automatic formula to determine the amount of compensable time and the total wages paid each workweek to each driver.

43.     Defendants' Driver Log System then determines whether the total wages computed are at least equal to the applicable minimum wage multiplied by the number of computed compensable hours.

44.     If the wages (as computed by Defendants' Driver Log System) are lower than the minimum wage multiplied by the number of compensable hours (as computed by Defendants' Driver Log System), Defendants supplement the driver's income so that the two numbers are the same.

45.     To determine if the employee's pay is under minimum wage, Defendants' Driver Log System designates time marked as "off duty" via the Qualcomm reports as non-compensable time, and designates time marked as "on duty" via the Qualcomm reports as compensable.

46.     Consequently, Defendants' Driver Log System designates a large amount of waiting time, compensable rest and sleeping periods as non-compensable, and as a result, when computing whether an employee was paid at least minimum wage, the system significantly under calculates the number of hours a driver has worked.

47.     Defendants' Driver Log System further determines the amount of wages each driver is paid each week.  Defendants' Driver Log System, however, considers payments made under the Per Diem Program (payments which are made to reimburse drivers for the reasonable approximate amounts incurred as a result of drivers' over the road travel) as wages.

48.     However, per 29 CFR §778.217, "Payments made by the employer to cover [reimbursable expenses] are not included in the employee's regular rate . . . Such payment is not compensation for services rendered by the employees."

49.     Consequently, Defendants' Driver Log System significantly over calculates the amount in wages paid to each driver each week.

50.     As a result of Defendants' Driver Log System both over calculating the wages paid to employees each week and under calculating the number of hours worked each week, Defendants' Driver Log System substantially under calculates the minimum wages required to be paid to each driver, and as a result, frequently compensates Class Plaintiffs at a rate well below minimum wage.

51.     By way of example only, for the pay period of September 4-September 10, 2012:

9

    a. Defendants provided Yassine Baouch ("Baouch") a paycheck consisting of $16.71 for wages and $144 as "per diem" reimbursements for the workweek.

    b. The Per Diem reimbursements were to cover the reasonably approximate amount of expenses Baouch incurred as a result of Baouch being required to travel over the road for Defendants during the workweek.

    c. Baouch worked at least approximately 32 hours of compensable time during the workweek of September 4-September 10, 2012, including spending 11.75 hours actively driving.

    d. Nevertheless, Defendants only compensated Baouch $16.71 in wages during said workweek, resulting in Defendants compensating Baouch below one dollar per compensable hour worked.

34. The aforementioned instance is a mere example of the unlawful Per Diem Program of Defendants. Defendants' Driver Log System automatically included reimbursements as wages and automatically failed to include all compensable time in calculating appropriate minimum wage payments, and as a result, regularly failed to compensate Named Plaintiffs and Class Plaintiffs minimum wage.

52. Defendants agreed to pay Named Plaintiffs and Class Plaintiffs at least minimum wage for all compensable hours worked.

53. Defendants failed to pay all wages due to Named Plaintiffs and Class Plaintiffs within thirty days of the regular pay day in violation Nebraska Wage Payment and Collection Law.

54. As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs have been harmed.

10

**COUNT I**
**Violations of the Fair Labor Standards Act**
**(Named Plaintiffs and Class Plaintiffs)**
**(Minimum Wage)**

55.     The foregoing paragraphs are incorporated herein as if set forth in full.

56.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of the FLSA.

57.     At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are "employees" within the meaning of the FLSA.

58.     The FLSA requires employers, such as Defendants, to minimally compensate employees, such as Named Plaintiffs and Class Plaintiffs, at the federal minimum wage rate for each hour worked.

59.     As a result of Defendants' unlawful calculations in determining the minimum wage due to each employee, Named Plaintiffs and Class Plaintiffs were paid less than the minimum wage for hours they worked for Defendants.

60.     Defendants willfully failed to compensate Named Plaintiffs and Class Plaintiffs the federal minimum wage.

61.     As a result of Defendants' failure to compensate Named Plaintiffs and Class Plaintiffs at the federal minimum wage rate, Defendants have violated and continue to violate the FLSA.

62.     As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

11

## COUNT II
## Violations of the Nebraska Wage and Hour Act
### (Named Plaintiffs and Class Plaintiffs)
### (Minimum Wage)

63.     The foregoing paragraphs are incorporated herein as if set forth in full.

64.     At all times relevant herein, Defendants were and continue to be an "employer" within the meaning of R.R.S. Neb. § 48-1202(2).

65.     At all times relevant herein, Named Plaintiffs and Class Plaintiffs were/are "employee[s]" within the meaning of R.R.S. Neb. § 48-1202(3).

66.     As a result of Defendants' unlawful calculations in determining the minimum wage due to each employee, Named Plaintiffs and Class Plaintiffs were paid less than the minimum wage for hours they worked for Defendants.

67.     Defendants willfully failed to compensate Named Plaintiffs and Class Plaintiffs the state minimum wage.

68.     As a result of Defendants' failure to compensate Named Plaintiffs and Class Plaintiffs at the state minimum wage rate, Defendants have violated and continue to violate the Nebraska Wage and Hour Act.

69.     As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT III
## Violations of the Nebraska Wage Payment Collection Law
### (Named Plaintiffs and Class Plaintiffs)
### (Failure to Pay Earned Wages)

70.     The foregoing paragraphs are incorporated herein as if set forth in full.

71.     Defendants failed to pay Named Plaintiffs and Class Plaintiffs all wages owed to them under the law and under Defendants' policies.

12

72.    Defendants' conduct violated the Nebraska Wage Payment and Collection Law.

73.    As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT IV
## Unjust Enrichment
## (Named Plaintiffs and Class Plaintiffs)

74.    The foregoing paragraphs are incorporated herein as if set forth in full.

75.    Defendants were unjustly enriched at the expense of Named Plaintiffs and Class Plaintiffs in that they benefited from the approximate expenses incurred by Named Plaintiffs and Class Plaintiffs when they were over the road on assignments for Defendants, but deducted such amounts from the wages earned by Named Plaintiffs and Class Plaintiffs.

76.    Permitting Defendants to benefit from the expenses spent by Named Plaintiffs and Class Plaintiffs without compensating them for same unjustly enriches Defendants.

77.    As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT V
## Breach of Implied Contract
## (Named Plaintiff and Class Plaintiffs)

78.    The foregoing paragraphs are incorporated herein as if set forth in full.

79.    In hiring Named Plaintiffs and Class Plaintiffs, it was an implied and implicit term of their employment that Named Plaintiffs and Class Plaintiffs would be paid at least minimum wage for all compensable hours worked.

80.    Defendants breached this obligation to Named Plaintiffs and Class Plaintiffs.

81.    As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

## COUNT VI
## <u>Breach of Contract</u>
## (Named Plaintiff and Class Plaintiffs)

82.     The foregoing paragraphs are incorporated herein as if set forth in full.

83.     Defendants agreed to pay Named Plaintiffs and Class Plaintiffs at least minimum wage for all compensable hours worked.

84.     Defendants breached this obligation to Named Plaintiffs and Class Plaintiffs.

85.     As a result of Defendants' unlawful conduct, Named Plaintiffs and Class Plaintiffs suffered damages as set forth herein.

**WHEREFORE**, Named Plaintiffs and Class Plaintiffs pray that this Court enter an Order:

(1) Certifying the instant action as a "collective action" pursuant to the Fair Labor Standards Act;

(2) Certifying this action as a "class action" pursuant to Federal Rule of Civil Procedure 23 and the Class Action Fairness Act of 2005;

(3) Providing that Defendants are prohibited from continuing to maintain their illegal policy, practice, or customs in violation of federal and state laws;

(4) Providing that Defendants are to compensate, reimburse, and make Named Plaintiff and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for Defendants' illegal actions and/or breach of contractual obligations, including but not limited to past lost earnings.

(5) Awarding Named Plaintiffs and Class Plaintiffs liquidated damages pursuant to the laws they are suing under in an amount equal to the actual damages in this case;

(6) Awarding Named Plaintiffs and Class Plaintiffs the costs and expenses of this

action and reasonable legal fees as provided by applicable law; and,

(7) Awarding Named Plaintiffs and Class Plaintiffs all other relief as the Court deems

appropriate and just.

<div style="margin-left:40%">

Respectfully Submitted,
**SWARTZ SWIDLER, LLC**

/s Justin  L. Swidler
Justin L. Swidler, Esq.
Richard S. Swartz, Esq.
1878 Marlton Pike East, Suite 10
Cherry Hill, NJ 08003
856-685-7420
Attorneys for Plaintiffs

</div>

Dated: March 8, 2013