IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
YASSINE BAOUCH, et al.,        )
                               )
              Plaintiffs,      )        8:12CV408
                               )
         v.                    )
                               )
WERNER ENTERPRISES, INC.,      )        MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and     )
DRIVERS MANAGEMENT, LLC,       )
                               )
              Defendants.      )
_____)
```

This matter is before the Court on the motion of plaintiffs to compel production of documents (Filing No. 62). Plaintiffs seek tax documents in which Werner took the position that certain payments to its employees were not wages. Defendants admit that they took that position in regard to the tax status of the payments but argue that whether the payments were wages for tax purposes is irrelevant to whether the payments are wages under the Fair Labor Standards Act and Nebraska's minimum wage and wage collection statutes. In an earlier order, this Court held that plaintiffs could not subpoena these documents from the IRS. Plaintiffs now seek to compel production from the defendants themselves. The Court finds the motion should be granted.

I. Relevance

Defendants urge the Court to find an analogy between the present case and the case of *Logan v. Rocky Mountain Rental*, 3 Neb. App. 173, 524 N.W.2d 816 (1994). In *Logan*, the Nebraska Court of Appeals rejected the argument that because certain payments to an employee were characterized as reimbursements for purposes of federal tax law, the payments must be characterized as reimbursements -- not wages -- for purposes of Nebraska's worker's compensation statute. *Logan*, 3 Neb. App. 173 at 177-78, 524 N.W.2d at 819-20. Defendants frame the present issue as whether an employer's characterization of certain payments to an employee as reimbursements for the purposes of federal tax law is relevant to their characterization as reimbursements -- or wages -- under the FLSA.

However, plaintiffs have not requested defendants' tax documents as evidence of defendants' tax treatment of the payments made to defendants' employees. As *Logan* recognizes, differing statutory definitions can lead to different characterizations under separate statutes. Recognizing that the issues are similar enough that defendants may have made statements under oath regarding the nature and purpose of the payments, plaintiffs seek not evidence of the tax treatment but the potentially binding statements defendants made to the IRS in

arguing that -- for tax purposes -- the payments were reimbursements.  Though the standard for determining whether the payments were a "wage" may be different under the statutes, the reimbursement concept is similar enough to make production of the documents highly likely to lead to the discovery of admissible evidence.

    II. Confidentiality - Heightened Burden

"[M]any courts require a heightened showing of relevance and necessity before ordering the disclosure of such information."  *Flores v. Tyson Foods, Inc.*, 4:12CV3089, 2013 WL 1091044 at *5 (D. Neb. Mar. 15, 2013) (quoting *E-P Int'l Distribution, Inc. v. A & A Drug Co.*, 2009 WL 1442534 at *5 (D. Neb. May 21, 2009)).  *Flores* and the associated cases requiring a heightened standard address requests for the production of tax returns.  *Id.*  The cases do not indicate whether "such information" includes associated tax filings such as those at issue in the present case.  The Court finds no reason to decide that issue today because, even if such a heightened standard applied, it would be satisfied here.

To determine whether the heightened showing of relevance is satisfied, "most courts apply a two-part test."  *Id.*  The first part of the test "asks whether the tax [documents] are relevant."  *Id.*  As discussed above, the Court is satisfied that

the documents at issue here contain relevant information as defined by Federal Rule of Civil Procedure 26.  Second, the party objecting to production must "show the information in the tax [documents] is more readily obtainable elsewhere."  *Id*. (quoting *E.E.O.C. v. Ceridian Corp.*, 610 F.Supp.2d 995, 996 (D. Minn. 2008).  The information at issue here is the potentially binding statements by defendant to the IRS.  It is only the official nature of these documents that makes the statements they contain binding.  Therefore, by definition, the evidence cannot be obtained elsewhere.  Thus, even if the heightened standard of relevance applies, it is satisfied.  Accordingly,

IT IS ORDERED:

1) Plaintiffs' motion to compel is granted.

2) No later than January 30, 2014, defendants shall produce their Formal Protest to the IRS in response to the IRS's November, 2012, Notice of Proposed Adjustment for tax years 2009 and 2010 (and any exhibits or documents attached thereto).

DATED this 7th day of January, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court