IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
YASSINE BAOUCH, et al.,         )
                                )
              Plaintiffs,       )       8:12CV408
                                )
       v.                       )
                                )
WERNER ENTERPRISES, INC.,       )       MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and      )         NUNC PRO TUNC
DRIVERS MANAGEMENT, LLC,        )
                                )
              Defendants.       )
_____)
```

This matter is before the Court on plaintiffs' motion for conditional collective action certification under the Fair Labor Standards Act ("FLSA") and Rule 23 (Filing No. 70). The plaintiffs filed a brief (Filing No. 71) and index of evidence (Filing No. 72) in support of their motion. Defendants have filed a brief (Filing No. 91) and indices of evidence (Filing Nos. 92 and 93) in opposition of the motion. Plaintiffs filed a reply brief (Filing No. 99) and index of evidence (Filing No. 100). The motion will be granted.

Defendants are Werner Enterprises, Inc. and Drivers Management, L.L.C. (collectively "Werner"). Werner is a trucking company. Plaintiffs are current and former employees of Werner. The plaintiffs allege Werner has violated the FLSA and various state law claims including the Nebraska Wage and Hour Act ("NWHA"). Essentially, the plaintiffs claim that Werner allowed

its employees to opt-in to a "per diem" program which circumvented minimum wage regulations.

The FLSA authorizes claims "by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Neither the FLSA itself nor the Eighth Circuit have defined "similarly situated." *Petrone v. Werner Enters., Inc.*, 8:12CV307, 2012 WL 4848900, at *2 (D. Neb. Oct. 11, 2012) (citing *Schleipfer v. Mitek Corp.*, 1:06CV109 CDP, 2007 WL 2485007, *3 (E.D. Mo. Aug. 29, 2007)). However, the practice of district courts in the circuit is to apply a two-step approach in making a determination. *Id.* (citing *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d 1014, 1016-17).

First, early in the litigation process, the class is conditionally certified upon plaintiffs' showing that the proposed class is similarly situated. *Id.* "The plaintiff's burden at [this] stage is not onerous." *Id.* Conditional certification allows plaintiffs to move forward with identification of proposed class members and notification of the opportunity to opt-in. Once, the proposed class members have been identified and have voiced their consent to participation and discovery has closed, defendants have the opportunity to move for decertification of the class. *Id.* At that point, "the court

must determine whether the plaintiffs are, in fact, similarly situated." *Id.*

The plaintiffs have provided evidence of Werner's per diem pay program and that this program provided less than the minimum hourly wage for an employee. This evidence illustrates that the putative class members were victims of a single decision, policy, or plan. *See Schleipfer*, 1:06CV109 CDP, 2007 WL 2485007, *3 (citing *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)). Different members of the class may receive different damage awards, but this fact is insufficient to defeat the plaintiffs' certification at this stage. Accordingly,

IT IS ORDERED that plaintiffs' motion for conditional collective action certification under the Fair Labor Standards Act and Rule 23 is granted.

DATED this 7th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court