IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
YASSINE BAOUCH, et al.,           )
                                  )
            Plaintiffs,           )      8:12CV408
                                  )
     v.                           )
                                  )            SECOND
WERNER ENTERPRISES, INC.,         )    MEMORANDUM AND ORDER
d/b/a WERNER TRUCKING, and        )        NUNC PRO TUNC
DRIVERS MANAGEMENT, LLC,          )
                                  )
            Defendants.           )
_____)
```

This matter is before the Court on plaintiffs' motion for conditional collective action certification under the Fair Labor Standards Act ("FLSA") and certification of state law claims under Rule 23 (Filing No. 70). The plaintiffs filed a brief (Filing No. 71) and index of evidence (Filing No. 72) in support of their motion. Defendants have filed a brief (Filing No. 91) and indices of evidence (Filing Nos. 92 and 93) in opposition of the motion. Plaintiffs filed a reply brief (Filing No. 99) and index of evidence (Filing No. 100). The motion will be granted.

Defendants are Werner Enterprises, Inc. and Drivers Management, L.L.C. (collectively "Werner"). Werner is a trucking company. Plaintiffs are current and former employees of Werner. The plaintiffs allege Werner has violated the FLSA and various state law including the Nebraska Wage and Hour Act ("NWHA").

Essentially, the plaintiffs claim that Werner allowed its employees to opt in to a "*per diem*" program which circumvented minimum wage regulations. The *per diem* program offers Werner's employees tax-free reimbursement for each day its drivers spend away from home. Importantly, Werner deducts this tax-free pay from the drivers' wages.

I.  The FLSA

The FLSA authorizes claims "by any one or more employees for and in [sic] behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Neither the FLSA itself nor the Eighth Circuit have defined "similarly situated." *Petrone v. Werner Enters., Inc.*, 8:12CV307, 2012 WL 4848900, at *2 (D. Neb. Oct. 11, 2012) (citing *Schleipfer v. Mitek Corp.*, 1:06CV109 CDP, 2007 WL 2485007, *3 (E.D. Mo. Aug. 29, 2007)). However, the practice of district courts in the circuit is to apply a two-step approach in making a determination. *Id.* (citing *Littlefield v. Dealer Warranty Servs., LLC*, 679 F.Supp.2d 1014, 1016-17).

First, early in the litigation process, the class is conditionally certified upon plaintiffs' showing that the proposed class is similarly situated. *Id.* "The plaintiff's burden at [this] stage is not onerous." *Id.* Conditional certification allows plaintiffs to move forward with

-2-

identification of proposed class members and notification of the opportunity to opt in. Once, the proposed class members have been identified and have voiced their consent to participation and discovery has closed, defendants have the opportunity to move for decertification of the class. *Id.* At that point, "the court must determine whether the plaintiffs are, in fact, similarly situated." *Id.*

The plaintiffs have provided evidence of Werner's *per diem* pay program and that this program provided less than the minimum hourly wage for an employee. This evidence illustrates that the putative class members were victims of a single decision, policy, or plan. *See Schleipfer*, 1:06CV109 CDP, 2007 WL 2485007, *3 (citing *Davis v. Novastar Mortg., Inc.*, 408 F. Supp. 2d 811, 815 (W.D. Mo. 2005)). Different members of the class may receive different damage awards, but this fact is insufficient to defeat the plaintiffs' certification at this stage.

II. Rule 23(a)

For purposes of certifying the plaintiffs' class for its non-FLSA claims, the Court proceeds to Rule 23 analysis. Plaintiffs have the burden to show that the class should be certified and the requirements of Rule 23 are met. *Coleman v. Watt*, 40 F.3d 255, 258 (8th Cir. 1994). The plaintiffs must

-3-

prove each element of Rule 23. Those elements are (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 26(a)(1)-(4).

A.  Numerosity

A class must be so numerous that joinder is impracticable. Joinder need not be impossible; it need only be difficult. *See Evans v. Am. Credit Sys., Inc.*, 222 F.R.D. 388, 393 (D. Neb. 2004). Though no specific number is required to reach numerosity, as little as forty has qualified. *Harris v. D. Scott Carruthers & Assoc.*, 270 F.R.D. 446, 450 (D. Neb. 2010). Since November 27, 2007, 63,609 Werner employees have enrolled into the *per diem* plan in question. This figure is clearly too large for joinder to be practicable. The class is sufficiently numerous.

B.  Commonality

The questions of law or fact common to class members must predominate over questions affecting individual members so that the Court concludes "that a class action is superior to

other available methods for fairly and efficiently adjudicating the controversy." *Avritt v. Reliastar Life Ins. Co.*, 615 F.3d 1023, 1029 (8th Cir. 2010). "[A] proponent of certification must satisfy the commonality requirement by showing that a class-wide proceeding will 'generate common *answers* apt to drive the resolution of the litigation.'" *Bennet v. Nucor Corp.*, 656 F.3d 802, 814 (8th Cir. 2011).

Several questions of fact and law present themselves in this class. Werner reduced the pay of those who participated in the *per diem* program by its *per diem* reimbursement. Whether this method of payment is contrary to law is a common question to all those who participated in the *per diem* program and the common answer will be dispositive to the participants' issues.

C.  Typicality

Typicality requires the named plaintiffs to share similar grievances with the putative class members. "Factual variations in the individual claims will not normally preclude class certification if the claim arises from the same event or course of conduct as the class claims, and gives rise to the same legal or remedial theory." *Alpern v. UtiliCorp United*, 84 F.3d 1525, 1540 (8th Cir. 1996).

Here, the named plaintiffs offer certifications which state their interests are similar to other members of the

putative class. Werner has engaged in a uniform policy of reducing wages. The named plaintiffs share the grievances of the putative class.

D.   Adequacy

The Court must also determine whether the named plaintiffs "will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "The district court must decide whether Rule 23(a)(4) is satisfied through balancing the convenience of maintaining a class action and the need to guarantee adequate representation to the class members." *Rattray v. Woodbury County*, 614 F.3d 831, 835 (8th Cir. 2010). Ultimately, "the point of the adequacy inquiry is 'to uncover conflicts of interest between named parties and the class they seek to represent.'" *Smith v. Bayer Corp.*, 593 F.3d 716 (8th Cir. 2010), *quoting Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625-26 (1997).

The adequacy of the named plaintiffs' representation is clear. Their interests in this case are indistinguishable from the putative class. There are no conflicts of interest. Therefore, the named plaintiffs will adequately represent the class.

III. Rule 23(b)(3)

Next, the plaintiffs move for certification under Federal Rule of Civil Procedure 23(b)(3). Under this rule, the Court determines whether the "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court considers the "class members' interests in individually controlling the prosecution" of separate actions; the "litigation concerning the controversy already begun by or against class members;" the desirability of concentrating the litigation in Nebraska; and likely difficulties. *Id.*

Here, as stated previously, the predominate issue of this action is whether Werner's *per diem* program violated various Nebraska minimum pay laws by offsetting reimbursements from employees' pay. The program was sufficiently uniform in application and predominates over the individual types of employees that participated in the program or their individual calculation of damages.

In addition, the Court finds the plaintiffs have satisfied the requirements of this rule. The individual interests vary by estimated damages, but nothing illustrates a divergence of interest. No individual actions are pending.

-7-

Judicial efficiency necessitates class action over individual actions. Finally, the uniformity of Werner's policies heavily outweighs the potential difficulties of class litigation.

IV.   Rule 23(b)(2)

The plaintiffs seek declaratory relief and injunction against Werner to prohibit its program of reducing pay. As stated above and throughout, the putative class was subject to a uniform policy that is being challenged as unlawful. *See Grovatt v. St. Jude Med. Inc.*, 425 F.3d 1116 (8th Cir. 2005). The Court finds that the class is sufficiently cohesive. Werner raises the issue of whether the plaintiffs' "primary goal" is injunctive relief. The monetary and injunctive prayers for relief are susceptible to common resolution and, therefore, the Court will grant plaintiffs' motion for certification under Rule 23(b)(2). *See Avritt*, 615 F.3d at 1036-37.

V.   Counsel

In the light of the work it has done, experience in class actions, knowledge of the law, and committed resources, the Court finds that Swartz Swidler L.L.C., Justin Swidler, and Richard Swartz should be appointed to represent the class pursuant to Rule 23(g). Accordingly,

IT IS ORDERED:

1) Certification for class action on behalf of all drivers employed by the defendants and who were enrolled in the defendants' *per diem* program at any time since November 27, 2008, under Rule 23(b)(2) and (b)(3) is granted.

2) Certification for class action on behalf of all drivers employed by the defendants and who were enrolled in the defendants' *per diem* program at any time since January 6, 2011, under the Fair Labor Standards Act is granted.

3) The plaintiffs' motion for collective action certification under Rule 23(b)(2) and (b)(3) is granted.

4) The Court appoints Justin Swidler and Richard Swartz, of Swartz Swidler L.L.C., as class counsel.

5) Yassine Baouch, Scott Larrow, Steve Neely, Jason Gunn, Jose Figueroa, Lance Edwards, Mark Sohmer, and Joseph Horton are appointed as representative plaintiffs.

6) The Court's previous memorandum and order (Filing No. 109 and memorandum and order nunc pro tunc (Filing No. 111) shall be stricken as incomplete.

DATED this 12th day of May, 2014.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court