IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| YASSINE BAOUCH, on behalf of himself and all those similarly situated, SCOTT LARROW, on behalf of himself and all those similarly situated, JUSTIN BURKHOLDER, ROBERT WILLIAM HERRMANN, RADEK KOHOUT, JACK DEAN MICHAEL, STEVEN RICHARD MILSTEAD, JAMES MYRICK, TROY EDMUND TOWNSEND, CLAIRE ELIZABETH BODO, WAYNE DARIUS GRANT, ADAM HOFFMAN, JOSEPH DEWAYNE THOMAS, DANIELLE MARIE BARNEY, CHAD RYAN BASSO, CAROLINE CECELIA BUSICK, CHRISTOPHER CLAY DAY, BRUCE L. MARSHA, DALE DON OSHIRO, AARON DAVID WING, DAVID ALLEN FAYKOSH, STEVE N. NEELY, JATARVEIYON KEVIN LEE ASHLEY, MICHAEL EGLI, THOMAS FISHER, JOHN A. PHILLIPS, MARVIN E. RUSH, ADAMS FRANK AKHALU, STEVEN WAYNE DOANE, THOMAS A. GILLIS, WILLIAM A. HAMILTON, JOHN RAY MINOR, JOSEPH SABLAN SALAS, TIMOTHY LEONARDO SMITH, TERRI LYNN THACKER, and BRIAN ZEITZ, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | 8:12CV408 |
| v. | ) ) | |
| WERNER ENTERPRISES, INC., and DRIVERS MANAGEMENT, LLC, | ) ) ) | ORDER |
| Defendants. | ) ) | |

This matter is before the Court on cross motions of the parties. The plaintiffs have filed a motion (Filing No. 102) for Partial Summary Judgment as to Liability. The defendants have filed a motion (Filing No. 113) to strike the motion for summary judgment, or, in the alternative, to stay the plaintiffs' motion until the parties complete merits discovery. The parties have submitted corresponding briefs and indices of evidence. The issue before the Court is whether the parties are sufficiently prepared for summary judgment. The Court finds that they are not.

The defendants are Werner Enterprises, Inc. and Drivers Management, L.L.C. (collectively "Werner"). Werner is a trucking company. Plaintiffs are current and former Werner employees who allege Werner has violated the Fair Labor Standard Act ("FLSA") and various state laws including the Nebraska Wage and Hour Act ("NWHA"). Essentially, the plaintiffs claim Werner allowed its employees to opt into a *per diem* program which circumvented minimum wage requirements. The *per diem* program offers Werner's employees tax-free reimbursement for each day its drivers spend away from home. Importantly, Werner deducts this tax-free pay from the drivers' wages.

The Court has not established a scheduling order for merits discovery, yet the plaintiffs have filed their motion for

partial summary judgment.  The plaintiffs wish to avoid vexation of its 60,000 member class and to conserve party -- and Court -- resources by examining the issue of liability immediately. However, Werner forcefully argues that it requires merits discovery before it can defend against the plaintiffs' motion. Specifically, Werner wishes to conduct discovery for its defenses of estoppel and waiver, among others (Filing Nos. 118, at 5-8; 115, at 4-5).

The Court finds that partial summary judgment against the defendants before merits discovery is unnecessarily prejudicial.  Werner should be allowed to conduct its discovery to fully prepare its defenses for summary judgment.  If further discovery does not avail the defendants, nothing is lost by allowing the defendants to proceed with discovery.  Conversely, if there are additional facts which speak to liability, then summary judgment will be a grave disservice to the defendants at this juncture.  There is a clear preference in the law for adequate discovery. *Stanback v. Best Diversified Prods., Inc.*, 180 F.3d 903, 911 (8th Cir. 1999) (citing *In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 113 F.3d 1484, 1489-90 (8th Cir. 1997)); Fed. R. Civ. P. 56(d).  Therefore, the Court will allow the parties to proceed with discovery as to liability.

IT IS ORDERED:

1) The defendants' motion (Filing No. 113) is granted; the plaintiffs' motion (Filing No. 102) is denied.

2) The plaintiffs' motion (Filing No. 107) to amend its index of evidence is denied as moot.

3) A planning conference to establish an amended progression schedule shall be held in the chambers of the undersigned on:

**Monday, July 21, 2014, at 9 a.m.**

Room 3190, Roman L. Hruska United States Courthouse, 111 South 18th Plaza, Omaha, Nebraska.

DATED this 7th day of July, 2014.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court

-4-