IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
YASSINE BAOUCH, et al.,        )
                               )
            Plaintiffs,        )         8:12CV408
                               )
     v.                        )
                               )
WERNER ENTERPRISES, INC., and  )         ORDER
DRIVERS MANAGEMENT, LLC,       )
                               )
            Defendants.        )
_____)
```

This matter is before the Court on the motion for a protective order and sanctions by defendants Werner Enterprises, Inc., and Drivers Management (Filing No. 162), with accompanying brief and index of evidence (Filing Nos. 163 and 164). The plaintiffs filed a motion for sanctions (Filing No. 165), with accompanying brief and index of evidence (Filing Nos. 166 and 167). In addition, the plaintiffs filed a motion to strike Filing Nos. 162, 163, and 164 (Filing No. 170), with accompanying brief (Filing No. 171). In response to the defendants' motion, the plaintiffs filed a brief in opposition and index of evidence (Filing Nos. 172 and 173). The defendants filed a reply brief in support of their motion for a protective order and sanctions and in opposition to the plaintiffs' motions (Filing No. 176). Finally, the plaintiffs filed a reply brief in support of their motion to strike and motion for sanctions (Filing No. 177).

After reviewing the parties' submissions and the relevant law, the Court will deny all motions.

The parties' dispute centers around two separate events. First, in January of this year, Werner received a phone call from a driver, Rodney Zacek, stating that he received several phone calls urging him to join this lawsuit. The telephone number was traced back to the plaintiffs' counsel's law firm. The defendants argue that the plaintiffs' counsel has improperly solicited class members in violation of their joint stipulation. Second, the plaintiffs' counsel cited to *Petrone v. Werner Enterprises, Inc. et al*, in a case before the United States District Court for the District of New Jersey. The defendants allege that plaintiffs' counsel misrepresented the holdings of this Court to obtain a favorable ruling.

The defendants ask the Court to grant an order for the following: (a) to direct plaintiffs' counsel to disclose the names of all drivers that counsel contacted before the opt in/opt out deadline, and to disclose the number of calls, who made the calls, and the content, (b) to allow the defendants to speak with Rodney Zacek and all other members who did not opt in, (c) prevent plaintiffs' counsel from using class members' telephones for an improper purpose, and from disclosing information received from the defendants to co-counsel in any other lawsuit, (d)

prevent plaintiffs' counsel from misrepresenting this Court's holdings in other courts, and (e) award the defendants the fees and costs incurred in filing this motion, and the costs and fees associated with an investigation of counsel's unauthorized communications. The plaintiffs argue that the defendants' motion is frivolous and unsustainable in both law and fact.

The plaintiffs move to strike the affidavit of Matthew Beaudoin because it contains hearsay statements and to strike the defendants' motion and supporting brief as both are not based on personal knowledge and therefore are in violation of Nebraska Civil Rule 7.1. In addition, the plaintiffs ask this Court to grant their motion for sanctions against the defendants' counsel.

The Court will deny all motions from both parties. The portion of the motion involving plaintiffs' counsel misrepresenting the holdings of this Court was filed in an improper case. Accordingly,

IT IS ORDERED that the motions (Filing No. 162, Filing No. 165 and Filing No. 170) are denied.

DATED this 27th day of February, 2015.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court